62 F.3d 1431
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Martina A. GARCIA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3526.
 United States Court of Appeals, Federal Circuit.
 July 6, 1995.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
Nov. 8, 1995.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 The Office of Personnel Management (OPM) moves for summary affirmance of the Merit System Protection Board's decision holding that Martina A. Garcia was not entitled to retirement benefits under the Civil Service Retirement Act (CSRA), 5 U.S.C. Sec. 8331 et seq. Garcia opposes.*
 
 
 2
 Garcia was employed periodically from 1966 until 1992 by the Department of the Navy in Subic Bay, the Philippines. Garcia was separated when the base closed, and she applied for retirement benefits under the CSRA. OPM denied Garcia's application, and she appealed OPM's denial to the Board. The Administrative Judge (AJ) determined that Garcia has served her entire career, except for one appointment, under a series of temporary and indefinite appointments that were specifically excluded from CSRA coverage pursuant to 5 C.F.R. Sec. 831.201(a)(1) and (a)(13). The AJ determined that the other appointment, from January 31, 1988, until January 22, 1989, which the AJ assumed without deciding was covered service, did not entitle Garcia to a retirement annuity because "it falls short of the one[-]year minimum required by [5 U.S.C. Sec. 8333(b) ]."
 
 
 3
 In addition, from January 23, 1989, until September 30, 1992, Garcia had been employed by a nonappropriated fund instrumentality (NAFI), and the AJ stated that a NAFI employee is not considered an employee of the United States under the Civil Service Retirement System except under limited circumstances. See 5 U.S.C. Sec. 2105(c). The AJ concluded that Garcia was not entitled to retirement benefits based on the NAFI service because Garcia's "non[ ]appropriated fund service was performed after the period prescribed by law for granting credit for such service." See 5 U.S.C. Sec. 8332(b)(16). Finally, the AJ rejected Garcia's argument that the service from September 30, 1992, until November 20, 1992, was covered on the basis of continuity of service from the NAFI position. The AJ thus affirmed OPM's decision. Garcia petitioned this court for review.
 
 
 4
 OPM contends that the Board's decision that Garcia was not entitled to retirement benefits should be summarily affirmed based on our holding in Rosete. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994).
 
 
 5
 First, we note that 5 U.S.C. Sec. 8347(g) specifically excludes temporary appointments from qualifying as covered service. Second, this court recently addressed whether indefinite appointments qualify as covered service in Rosete v. Office of Personnel Management, 48 F.3d 514 (Fed.Cir.1995). The exclusion of indefinite appointments is contained in OPM's regulation that interprets Sec. 8347(g). See 5 C.F.R. Sec. 831.201(a)(13). We held that it was proper to defer to OPM's interpretation of Sec. 8347(g) as excluding indefinite appointments because that interpretation was "both reasonable and of long standing." Rosete, 48 F.3d at 519. Accordingly, we concluded that an indefinite appointment in the excepted service did not constitute covered service within the meaning of the CSRA. Id. at 520. In her opposition, Garcia contends that Rosete was wrongly decided. However, we are bound by this court's holding in Rosete.
 
 
 6
 Third, pursuant to 5 U.S.C. Sec. 8332(b)(16), a NAFI employee may be eligible for retirement credit only for service performed between 1952 and 1966. Lastly, with regard to the continuity of service argument, the AJ correctly determined that Garcia's "continued service" was in a NAFI position, which is excluded from CSRA coverage.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) OPM's motion for summary affirmance is granted.
 
 
 9
 (2) Each side shall bear its own costs.
 
 
 
 *
 Garcia filed an opposition sixteen days late. We treat Garcia's opposition as a motion for leave to file an opposition out of time, with opposition attached, and grant it